**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: September 12 2025**

_____
Mary Ann Whipple
United States Bankruptcy Judge

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No. 24-31391 |
| LTC Transportation, LLC | * | Judge Mary Ann Whipple |
| Debtor | * | Chapter 11 Proceeding |

## ORDER ON DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN

This matter came before the Court on the "Motion" of the Debtor, LTC Transportation, LLC, ("Debtor"), to Modify the Debtor's Confirmed Plan pursuant to 11 U.S.C § 1193(b) and Bankruptcy Rule 3019. The Court being duly advised in the premises and finding that Notice of the Motion was adequate and appropriate under the circumstances, and after notice and opportunity for hearing, and with no Objection to the Motion having been filed, or with any Objection being Overruled, the Court finds that good cause exists for Modifying the Debtor's Confirmed Plan and granting the relief in the Motion. Based thereon, the Court hereby finds:

A. On July 29, 2024, the Debtor filed a petition for relief under Chapter 11 of the

United States Bankruptcy Code.

B.　　On March 25, 2025, the Court entered an Order, confirming the Debtor's Chapter 11 Plan of reorganization. ("Plan"). (Doc. No. 125). The Debtor's Plan was confirmed as a consensual Small Business Subchapter V Plan pursuant to 11 U.S.C. § 1191(a).

C.　　At the time of the filing of the Motion, the Plan of the Debtor had not yet been substantially consummated.

Accordingly, it is now

**ORDERED** that the Debtor's Motion to Modify its Plan is hereby Granted subject to the terms set forth herein.

**IT IS FURTHER ORDERED** that the Debtor's Plan is hereby Modified under 11 U.S.C § 1193(b) so as to provide for the following modified terms:

(1) The Debtor's Plan, as modified, shall be a liquidating Plan.

(2) Under the Plan, as modified, the Debtor shall liquidate its remaining non-encumbered assets which consists of the following:

　　a.　2017 Freightliner Coronado　VIN ending HK1724

　　b.　2019 Mack Anthem　　　　VIN ending 001475

　　c.　2019 Mack Anthem　　　　VIN ending 002410

(Collectively the "Vehicles").

(3) Under the Plan, as modified, the Debtor, without the need to seek leave from the Court, shall sell and liquidate the 2017 Freightliner Coronado, VIN ending HK1724, as follows:

　　a.　The Vehicle shall be marketed and sold by Flag City Truck and Equipment of Findlay, Ohio.

b. The asking price for the Vehicle shall be $65,000.00.

c. Unless Court approval is obtained, the Debtor shall be authorized to sell the Vehicle for a price of no less than $55,000.00.

d. The Debtor shall be authorized to pay Flag City Truck and Equipment the sum of $2,000.00 from the sale price of the Vehicle for Flag City Truck and Equipment selling and marketing the Vehicle.

e. The net proceeds received from the sale of the Vehicle shall be paid to the Debtor.

f. The Sale of the Vehicle shall be free and clear pursuant to 11 U.S.C. § 363(f) and the successful purchaser of the Vehicle shall be entitled to the protections afforded by 11 U.S.C. § 363(m).

(4) Under the Plan, as modified, the Debtor, without the need to seek leave from the Court, shall sell and liquidate the 2019 Mack Anthem, VIN ending 00241, as follows:

a. The Vehicle shall be sold to Cook Carriers.

b. The Vehicle shall be sold to Cook Carriers for the sum of $20,000.00.

c. The proceeds received from the sale of the Vehicle shall be paid to the Debtor.

d. The Sale of the Vehicle to Cook Carriers shall be free and clear pursuant to 11 U.S.C. § 363(f) and Cook Carriers shall be entitled to the protections afforded by 11 U.S.C. § 363(m).

(5) Under the Plan, as modified, the Debtor, without the need to seek leave from the Court, shall sell and liquidate the 2019 Mack Anthem, VIN ending 001475, as follows:

a. The Vehicle shall be sold to Phillip Chiles.

b. The Vehicle shall be sold to Phillip Chiles for the sum of $22,000.00.

  c. The proceeds received from the sale of the Vehicle shall be paid to the Debtor.

  d. The Sale of the Vehicle to Phillip Chiles shall be free and clear pursuant to 11 U.S.C. § 363(f) and Phillip Chiles shall be entitled to the protections afforded by 11 U.S.C. § 363(m).

(6) That the Debtor shall file with the Court a report of sale for each of the Vehicles.

(7) That under the Plan, as modified, the Debtor, after the sale of all of the Vehicles, shall disburse the proceeds received from the sale of the Vehicles, as well as all remaining funds held by the Debtor, to the following administrative claims and in the following amounts, subject to reduction for any amounts already paid:

| Claimant | Amount |
| --- | --- |
| Phillip Chiles | $10,778.00 |
| Richard Waite | $5,840.00 |
| Linda Stine | $16,575.00(subject to a final fee application as approved by the Court) |
| Patricia Fugee | $5,657.50 |
| Alvada Truck Repair | $36,000.00 |
| Eric Neuman | $14,090.35 (subject to a further and final fee application as approved by the Court) |

(8) Under the Plan, as modified, any funds remaining, after the payment of the above administrative claims, shall be paid, pro-rata, to those creditors holding allowed unsecured claims.

(9) Under the Plan, as modified, the Debtor shall be the disbursing agent for all distributions made as provided under the modified plan.

(10) Under the Plan, as modified, after the disbursement of all the funds received from the

sale of the Vehicles, the Debtor shall file a final report of distribution with the Court and shall thereafter seek the entry of a final decree.

**IT IS SO ORDERED**

# # #